UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD M. KAIN,

                              Plaintiff,

                                                              Case # 15-CV-6645-FPG

v.

                                                                 DECISION AND ORDER

CAROLYN W. COLVIN, ACTING COMMISSIONER
OF SOCIAL SECURITY,
                              Defendant.
_____

        Richard M. Kain ("Kain" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

        Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 11, 12. For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

        On April 1, 2010, Kain applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 204-07. He alleged that he had been disabled since August 26, 2007, due to right hand numbness, right knee pain, chronic obstructive pulmonary disease ("COPD"), asthma, and heart and back conditions. Tr. 222. He later amended his alleged onset date to November 24, 2009. Tr. 783. After his applications were denied at the initial administrative level, a

---

[1]     References to "Tr." are to the administrative record in this matter.

1

hearing was held before Administrative Law Judge John P. Costello ("the ALJ") on March 13, 2012, in which the ALJ considered Kain's applications *de novo*. Tr. 58-104. Kain appeared at the hearing with his attorney and testified. *Id.* Peter A. Manzi, a vocational expert ("VE"), also appeared at the hearing and testified. Tr. 96-103. On April 5, 2012, the ALJ issued a decision finding that Kain was not disabled within the meaning of the Act. Tr. 23-34. On June 7, 2013, that decision became the Commissioner's final decision when the Appeals Council denied Kain's request for review. Tr. 1-7. On August 1, 2013, Kain filed a federal action seeking review of the Commissioner's final decision. *See* Docket No. 13-CV-6395-FPG, ECF No. 1.

On January 30, 2014, this Court reversed the Commissioner's final decision and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g), in accordance with a Stipulation and Order. Tr. 860-62. On April 15, 2014, the Appeals Council vacated the Commissioner's final decision and provided specific instructions for the ALJ to follow on remand. Tr. 863-67.

On February 18, 2015, Kain appeared with his attorney and testified at a second hearing before the ALJ. Tr. 772-833. Julie A. Andrews, a VE, also appeared and testified. Tr. 795-99. On June 26, 2015, the ALJ issued a decision finding that Kain was not disabled within the meaning of the Act. Tr. 698-714. Kain then filed this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation

marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.    Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria

of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ's June 26, 2015 decision analyzed Kain's claim for benefits under the process described above. At step one, the ALJ found that Kain had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 701. At step two, the ALJ found that Kain has the following severe impairments: mild degenerative disc disease of the lumbar spine, COPD, asthma, bilateral carpal tunnel syndrome, degenerative arthritis of the right knee, coronary artery disease, status post stent insertion, myocardial infarction, depressive disorder, and polysubstance abuse in remission. *Id.* At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 701-03.

Next, the ALJ determined that Kain retained the RFC to perform light work[2] with additional limitations. Tr. 703-12. Specifically, the ALJ found that Kain can frequently finger and handle; can occasionally stoop, kneel, crouch, crawl, balance, and climb; must avoid concentrated exposure to respiratory irritants like dust, odors, fumes, and extreme temperatures and humidity; can maintain the attention and concentration required to understand, remember, and follow simple instructions; and can occasionally interact with coworkers and the general public. Tr. 703.

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Kain from performing his past relevant work as a fast food cook, ride attendant, kitchen helper, and laundry laborer. Tr. 712. At step five, the ALJ relied on the VE's testimony and found that Kain can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 713. Specifically, the VE testified that Kain could work as a housekeeper and small products assembler. *Id.* Accordingly, the ALJ concluded that Kain was not "disabled" under the Act. Tr. 714.

## II.   Analysis

Kain argues that remand is required because the ALJ violated the treating physician rule.[3] ECF No. 11-1, at 22-30; ECF No. 13, at 2-4. Specifically, Kain asserts that the ALJ failed to provide the requisite "good reasons" for discounting the opinion of his treating physician Marc Lavender, M.D. ("Dr. Lavender"). *Id.* Interestingly, the Commissioner offers no response to

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[3] Kain advances another argument that he believes requires reversal of the Commissioner's decision. ECF No. 11-1, at 20-22. However, because this Court disposes of this matter based on the ALJ's violation of the treating physician rule, that argument need not be reached.

this argument and merely contends that the ALJ's findings were supported by substantial evidence. ECF No. 12-1, at 17-25.

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion." *De Roman v. Barnhart*, No. 03 Civ. 0075 (RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527); *see also* 20 C.F.R. § 416.927(c)(2). Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

Even when a treating physician's opinion is not given "controlling" weight, the ALJ must still consider several factors in determining how much weight it should receive. The ALJ must consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal quotation marks, alterations, and citations omitted); 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

In December 2011, Dr. Lavender opined that Kain could work only 10 hours per week with reasonable accommodations. Tr. 682. Specifically, he opined that Kain could walk, stand, push, pull, bend, lift, and carry only one to two hours in an eight-hour work day, but he could sit for more than four hours in an eight-hour workday. Tr. 683. Dr. Lavender indicated that Kain could only perform "sedentary work with limited heavy lifting/carrying/pushing/pulling due to chronic knee and back pain," that he could not "repetitively climb flights of stairs due to knee pain." Tr. 682. At that time, Dr. Lavender opined that these limitations would last for six months. *Id.*

The ALJ gave "some weight" to Dr. Lavender's December 2011 opinion because Dr. Lavender had a treating relationship with Kain. Tr. 708. He discounted the opinion because it imposed temporary restrictions and was inconsistent with the record as a whole. *Id.* Specifically, the ALJ noted that Kain's "activities of daily living indicate a higher level of functioning . . . as he was reportedly lifting and carrying scrap metal or appliances, climbing three flights of stairs, or working for his landlord." *Id.* (citing Tr. 310, 391, 1290, 1319). Although these appear to be "good reasons" for discounting Dr. Lavender's December 2011 opinion, *see* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4), Kain argues that these reasons mischaracterized the record. ECF No. 11-1, at 25. This Court agrees.

It is true that Kain helped someone lift a freezer in March 2011 (Tr. 391), but he had a heart attack as a result of this activity and required surgery to place a stent in his heart (Tr. 384). It is also true that Kain climbed three flights of stairs each day, but that his knee "pops and cracks" when he does so and that he had "constant pain on [the] medial side of [the] knee." Tr. 1319. It is unclear how the ALJ found this situation inconsistent with Dr. Lavender's opinion that Kain avoid *repetitive* stair climbing due to knee pain. Tr. 682, 708. Finally, the record

7

indicates that Kain worked for his landlord, but it is clear that this was part time work only. Tr. 1290; *see* 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c); SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996) ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). Moreover, there is no description of the exertion level of this work, and thus it is not inconsistent with Dr. Lavender's opinion that Kain was limited to part-time work without heavy lifting, carrying, pushing, or pulling. Tr. 682, 708, 1290. After a review of the record, Kain's daily activities did not indicate that he was capable of a "higher level of functioning" as the ALJ suggested. Accordingly, this was not a "good reason" for discounting Dr. Lavender's December 2011 opinion.

The ALJ also accorded "little weight" to five other opinions that Dr. Lavender provided. Tr. 709. Dr. Lavender's opinions varied over time, but he consistently opined that Kain was only capable of part-time sedentary work and was moderately to very limited in his ability to walk, stand, sit, push, pull, bend, lift, and carry. *See, e.g.*, Tr. 953-54, 948-51, 964-67, 980. The ALJ discounted these opinions because they were "unsupported by the objective medical evidence" and "contradicted by [Kain]'s own reported functional abilities." Tr. 709. Again, although these appear to be "good reasons" for discounting Dr. Lavender's opinions, *see* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4), an examination of the record reveals that they are not.

The ALJ discounted these opinions in part because they were "checklist style forms" that "include only conclusions regarding the limitations without any rationale." Tr. 709. Although this can be a proper reason to discount a treating physician's opinion, *see Philpot v. Colvin*, No. 12-CV-291 (MAD/VEB), 2014 WL 1312147, at *19 (N.D.N.Y. Mar. 31, 2014) (noting that "[the

8

treating physician]'s opinion was largely a 'checklist' form" and concluding that "[t]he ALJ acted within her discretion in discounting the opinion on this basis"), the ALJ afforded weight to other opinions rendered in the same format without any explanation as to why they were assessed differently. Tr. 706-07 (citing Tr. 305-06, 682-83). "This inconsistency, without good reasons proffered for distinguishing these records on that particular ground, is inappropriate and . . . justifies remand for either a reconsideration of these records or, at the very least, an explanation for why they would be assessed in such different fashion." *Salisbury v. Colvin*, No. 13cv2805 (VEC)(MHD), 2015 WL 5458816, at *36 (S.D.N.Y. Sept. 1, 2015). Moreover, a review of the discounted records reveals that they did not include only conclusions without any rationale. They also contained Dr. Lavender's handwritten notes that elaborated on the checkbox responses. *See, e.g.*, Tr. 953-54, 948-51, 964-67, 980.

The ALJ also discounted these opinions because "they appear to be based on subjective complaints of chronic back pain, which is not well-supported by the mild abnormal findings in the lumbar spine x-ray, as well as the conservative level of treatment." Tr. 709. This is an inaccurate characterization of these opinions because each opinion was accompanied by a physical exam. Tr. 950-51, 955, 966-67, 972-73, 979-80; *see Mahon v. Colvin*, at * (W.D.N.Y. July 6, 2016) (noting that the ALJ improperly discounted a medical opinion because it appeared to be based on unsubstantiated subjective complaints when it was accompanied by a physical exam and consideration of other relevant factors). Dr. Lavender checked boxes indicating whether the physical findings in each defined category were "normal" or "abnormal" and included comments explaining abnormal findings. *Id.* Moreover, reliance on Kain's subjective complaints is not a valid reason for rejecting Dr. Lavender's opinion. *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) (holding that a doctor's reliance on the plaintiff's

subjective complaints "hardly undermines his opinion as to her functional limitations" because "a patient's report of complaints, or history, is an essential diagnostic tool") (citation omitted); *Hussain v. Astrue*, No. 07-CV-210C, 2008 WL 4724301, at *5 (W.D.N.Y. Oct. 24, 2008); *McCarty v. Astrue*, No. 5:05CV953LEK/GHL, 2008 WL 3884357, at *6 (N.D.N.Y. Aug. 18, 2008) ("[The doctor's] reliance on Plaintiff's subjective complaints is not a valid basis for rejecting his opinion.").

Lastly, the ALJ discounted these opinions because Kain "reported improvement with walking and weight loss, stated that he was 'doing well,' and stated that his back was feeling better." Tr. 709 (citing Tr. 393, 665, 669, 1162, 1290). Throughout this same time period, however, Dr. Lavender continued to opine that Kain was only capable of part-time sedentary work and was moderately to very limited in his ability to walk, stand, sit, push, pull, bend, lift, and carry. *See, e.g.*, Tr. 953-54, 948-51, 964-67, 980. Just because Kain reported "doing well" at a handful of appointments over a three year span of treatment with Dr. Lavender, does not mean that his opinions are not credible or that Kain is capable of full-time competitive employment.

Accordingly, for all the reasons stated, remand is required because the ALJ did not provide good reasons for rejecting the opinions of Kain's treating physician. On remand, Kain is entitled to express consideration of Dr. Lavender's opinions, a statement of the weight given to those opinions, and good reasons for the ALJ's decision. *Cottrell v. Colvin*, No. 15-CV-702-FPG, 2016 WL 4523187, at *4 (W.D.N.Y. Aug. 30, 2016) (citing *Newbury v. Astrue*, 321 F. App'x 16, 18-19 (2d Cir. 2009) (summary order)).

**CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 21, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court